IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL FAIRFAX SOARES,

    Plaintiff,

  v.

JEFFREY LORONO, *et al.*,

    Defendants.

                                 /

No. C 12-05979 SI

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**

Plaintiff Soares's motion for entry of default judgment and defendant Lorono's motion to set aside entry of default are currently scheduled for hearing on March 1, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES the motion for entry of default judgment and GRANTS the motion to set aside the entry of default so that this matter may be heard on its merits. **The Case Management Conference set for March 1, 2013 at 2:30 pm remains on calendar.**

This case was filed on May 16, 2012 in the U.S. District Court for the District of New Jersey by plaintiff Soares. Defendant Lorono was served on June 8, 2012. Ten days later, Lorono filed an application for an extension of time to answer the complaint. His time was extended to July 13, 2012. On that date, he filed a motion to dismiss the case and a motion to transfer. On November 16, 2012, the case was transferred to the Northern District of California. The parties agreed that Lorono would have until December 5, 2012 to file his answer. On December 13, 2012, Lorono filed an answer to the complaint. The next day, a clerk's notice of an Entry of Default was entered against Lorono.

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). A court may set aside entry of default under Federal Rule of Civil Procedure 55(c) for "good cause shown." *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). The "good cause" analysis considers three disjunctive factors: (1) whether defendant engaged in cuplable conduct that led to default; (2) whether defendant has a meritorious defense; or (3) whether plaintiff would be prejudiced by setting aside the default. *Id*. at 926. The court's discretion is especially broad where it is an entry of default that is being set aside, rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

Here, the Court finds that defendant Lorono has shown good cause for setting aside the entry of default. Lorono avers that, although he is currently represented, he represented himself as a *pro se* defendant in the New Jersey action, and was unaware that the change of venue set a deadline to answer plaintiff's complaint. Lorono Decl. ¶¶ 16-17. Additionally, Lorono appears to have a meritorious defense, as he claims Soares has not shown that the roof was defective, and that if it was defective, another party was at fault. *Id.* at ¶¶ 12-13; Hollingsworth Decl. ¶¶ 3-6. Moreover, Lorono's answer was only eight days later than the agreed deadline. This brief delay does not substantially prejudice Soares. Therefore, Lorono has shown that he did not engage in culpable conduct, he may have a meritorious defense, and Soares would not suffer prejudice if the default is set aside. Especially because default judgments are disfavored, and because the Court has especially broad discretion when only an entry of default has been entered, the Court finds that there is good cause to set aside the entry of default.

Accordingly, the Court DENIES plaintiff's motion for default judgment and GRANTS defendant's motion to set aside the entry of default. Any other pending motions are dismissed without prejudice, to be addressed at the Case Management Conference on March 1, 2013 at 2:30 pm.

**IT IS SO ORDERED.**

Dated: February 8, 2013

SUSAN ILLSTON
United States District Judge

2