IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FAIRFAX SOARES,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY LORONO, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 12-05979 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Currently before the Court is *pro se* plaintiff Soares's motion for leave to file a second amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for June 21, 2013. Having considered the papers of the parties, and for good cause appearing, the Court hereby GRANTS plaintiff's motion.

Once the time for amending a complaint as a matter of course has passed, further amendments may only be made with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," which represents a public policy strongly in favor of amendments. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("It is generally our policy to permit amendment with 'extreme liberality' . . . ."). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.* A court may also deny leave to amend "if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

On April 15, 2013, the Court granted plaintiff's motion to file a first amended complaint, which

corrected numerical errors, added several new defendants, and sought to clarify allegations, but did not allege any new causes of action. Plaintiff did not file or serve the first amended complaint. Instead, eight days later, plaintiff moved for leave to file a second amended complaint. The second amended complaint also adds several additional defendants, but no new causes of action. Additionally, although Modi Systems remains a named defendant, the allegations of fraud against Modi Systems were omitted.

Modi Systems filed a statement of non-opposition to plaintiff's motion. Defendant Jeffery Lorono filed an opposition to the motion. Lorono argues that the amendment should be denied because it will prejudice the current and new defendants, because it will cause further delay in the proceedings. However, this case is not even a year old and it is still in its earliest stages. Moreover, delay alone is not a sufficient reason to preclude plaintiff from amending the complaint. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The Court finds that the motion to file a second amended complaint will not cause prejudice to defendants.

Lorono also argues that plaintiff's motion was made in bad faith. The Court finds no evidence of bad faith. In a case management statement, defendant Modi Systems stated, "Plaintiff Soares has indicated he may amend his complaint . . . . The parties propose May 1, 2013 as the deadline for amendments to the complaint." Docket No. 96. Thus, the amendments were anticipated by defendants, and plaintiff moved to file a second amended complaint before the agreed-upon deadline. Pursuant to the liberal policy permitting amendments, permitting plaintiff to file a second amended complaint would be in the interest of justice.

For the foregoing reasons and for good cause shown, the Court GRANTS plaintiff's motion to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: June 12, 2013

SUSAN ILLSTON
United States District Judge