UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL F. SOARES,

    Plaintiff,

    v.

JEFFREY LORONO, et al.,

    Defendants.

Case No. 12-cv-05979-WHO

**ORDER DENYING MOTION TO COMPEL**

Re: Dkt. No. 181

        Before the Court is plaintiff Paul Soares' Motion to Compel. Dkt. No. 181. Soares claims that defendants Jeffrey Lorono, Lisa Lorono, SVR, Inc., and Salinas Valley Roofing, Inc. ("Defendants") have not complied with Civil Local Rule 3-16, which requires each party to file a "Certification of Interested Entities or Persons" that discloses "any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known to the party to have . . . a financial interest (of any kind) in the subject matter in controversy." Civ. L.R. 3-16(b)(1).

        Soares' Motion to Compel claims that the Defendants have failed to disclose: (1) that the Defendants' attorney allegedly has a conflict of interest because defendant Salinas Valley Roofing assigned "litigation rights and financial outcomes" to him by when it dissolved; (2) the ownership of a company named Village Heating and Sheet Metal allegedly owned by Defendant Adolpho Rangel; and (b) the ownership interests of defendants Jeffrey Lorono and Lisa Lorono in Salinas Valley Roofing, Inc. and SVR, Inc. Dkt. Nos. 181 at 2; 193 at 2.

        Soares asserts that he has requested the information in discovery, but Defendants have not properly answered his discovery requests. Dkt. No. 193 at 2-3. The Motion to Compel requests an order directing the Defendants to file the certification and to pay sanctions in the amount of $1,000 for failure to comply with local rules. Dkt. No 181 at at 2-3. After the Motion to Compel

1   was filed, Defendants filed a certification in the form prescribed by Local Rule 3-16.  Dkt. No.
2   187.
3   　　　　The Motion to Compel is moot because the Defendants have filed the required certification
4   under rule 3-16.  Dkt. No. 187.  Although it was filed late, the Court does not find that sanctions
5   are necessary.
6   　　　　Local Rule 3-16 is not a tool for discovery.  "Rule 3-16 exists so that '[j]udges of this
7   Court may evaluate any need for disqualification or recusal.'"  *Vedatech, Inc. v. St. Paul Fire &*
8   *Marine Ins. Co.*, No. 04-1249 VRW, 2008 WL 2790200 at *5 (N.D. Cal. July 17, 2008) *aff'd sub*
9   *nom. Subramanian v. St. Paul Fire & Marine Ins.*, 494 F. App'x 817 (9th Cir. 2012) (citing Civ. L.
10  R. 3-16(a)).  There are other ways to bring a discovery dispute to the Court's attention.  It is
11  unclear whether all of the information sought by plaintiff falls within the scope of discovery, but if
12  information is not privileged and is relevant to any party's claim or defense, or if it is relevant to
13  the subject matter and good cause is shown, then it may be pursued through discovery.  Any
14  dispute or failure to comply with discovery requests may be brought to the Court's attention
15  through a joint letter in accordance with the Court's Standing Orders.
16  　　　　 For the reasons set forth above, the Motion to Compel is DENIED.
17
18  　　**IT IS SO ORDERED**.
19  Dated: January 15, 2014



WILLIAM H. ORRICK
United States District Judge