UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. SOARES,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY LORONO, et al.,<br><br>    Defendants. | Case No. 12-cv-05979-WHO<br><br>**ORDER ON MOTION TO DISMISS AND MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 189, 202 |

Currently before the Court are the motion to dismiss filed by defendant Tegola Canadese, S.p.A. ("Tegola Canadese") and the motion for reconsideration filed by plaintiff Paul Soares. For the reasons below, the motion to dismiss is GRANTED with LEAVE TO AMEND in part and with PREJUDICE in part, and the motion for reconsideration is DENIED.

## FACTUAL BACKGROUND

Plaintiff Paul Soares alleges defects in copper-laminated roofing shingles manufactured by defendant Tegola Canadese. SAC ¶ 12, 14, 27. Tegola Canadese sold the shingles through an importer named Modi System, Inc., to a California distributor named ALL Roofing, Inc., who then sold them to Salinas Valley Roofing. SAC ¶ 16-18. The shingles are covered by Tegola Canadese's written twenty-year warranty. SAC ¶ 22.

On or around February 24, 2006, Salinas Valley Roofing entered into an agreement with Oceania Capital Company, Ltd. ("Oceania") to install the shingles on a residence located at 416 Drake Avenue in Monterey, California (the "Drake residence"). SAC ¶ 1, 15-18; Dkt. No. 131. Plaintiff Soares signed the agreement on behalf of Oceania. *Id.* The shingles began deteriorating in the fall of 2011. SAC ¶ 27. Soares sent demand letters to Tegola Canadese and other defendants in this case for repair of the shingles under the warranty. SAC ¶ 27, 31. All Roofing, Inc. and Modi System, Inc. claimed that they had no responsibility to Soares under the warranty.

SAC ¶¶ 35-38. On January 10, 2012, Soares received an email from Oliver Henning, an executive officer at Tegola Canadese, stating "that the Prestige product had been having many defect claims worldwide and that Tegola had developed a 'patch' product, but that the effectiveness and longevity of the patch had not been tested." SAC ¶ 45.

Soares did not possess a copy of the Tegola Canadese written warranty before the shingles were installed. He alleges that Tegola Canadese and the other defendants never provided one to him until June 2012, when Modi System, Inc. gave Soares a blank copy of the written warranty. SAC ¶¶ 84-86.

The SAC alleges that Tegola Canadese "refused to perform" and "did not have any intention of performing" under its written warranty. SAC ¶¶ 88-9; 105-106. It asserts causes of action against Tegola Canadese for breach of written warranty, breach of implied warranty under state law[1] and the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and fraud. Tegola Canadese admits that its written warranty applies and moves to dismiss all claims other than for breach of express warranty. Dkt. No. 189 ("Mtn.") at 6, 7.

## PROCEDURAL BACKGROUND

Soares filed this case on May 16, 2012. Dkt. No. 1. The SAC was filed on June 19, 2013. Dkt. Nos. 129-130. On August 16, 2013, the Court granted the unopposed motion for summary judgment of defendant Modi Systems, Inc., and entered judgment accordingly. Dkt. Nos. 158, 180. On November 12, 2013, Soares filed a motion to compel certain defendants to file a certificate of interested entities pursuant to Local Rule 3-16. Dkt. No. 181. On December 4, 2013, Tegola Canadese filed the motion to dismiss currently before the Court. Dkt. No. 189. On January 15, 2014, the Court denied the motion to compel. Dkt. Nos. 196, 197.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

---

[1] The SAC does not specify which state laws the claims arise under.

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## REQUEST FOR JUDICIAL NOTICE

Tegola Canadese asks the Court to take judicial notice of two documents: (1) a Notice of Completion of work on the Drake Residence that was filed with the Monterey County Recorder on

June 22, 2007; and (2) a record on the California Secretary of State's website's indicating that Oceania Capital Company, Ltd. was qualified to do business in California on April 27, 2006. Dkt. No. 189-2. Because the Court relies only on the allegations in the SAC in deciding this motion, and declines to turn it into a motion for summary judgment, as urged by Tegola Canadese, the Request for Judicial Notice is DENIED.

## DISCUSSION

### I. THE MOTION TO DISMISS IS GRANTED

#### A. The Complaint Does Not Allege Fraud with Particularity

Tegola Canadese argues that the SAC fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b) because it does not plead facts that Tegola Canadese made false representations to Soares, that Soares justifiably relied on any misrepresentations, and that Tegola Canadese had any intent to defraud. Mtn. at 7-10.

Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Id*. at 1105. Under Rule 9(b), a party must "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). The SAC identifies the "who" as Tegola Canadese, but does not identify with particularity the "when, where, and how" of the alleged fraud. *Vess*, 317 F.3d at 1106.

The SAC does not allege that any misrepresentations were made by Tegola Canadese to Soares before the installation of the shingles. The SAC generally alleges that "Defendants" engaged in fraudulent conduct, but does not attribute any specific misconduct to Tegola Canadese. Two other defendants, Jeffrey Lorono and Cyrus Morse, proposed using the shingles on the Drake residence. SAC ¶ 12. Another defendant, Phil Johnson, "approved [the shingles] for installation on the roof." SAC ¶ 21. The SAC alleges that defendant Modi Systems, Inc. advertises "the quality of product and value of the warranty on products made by Tegola both in print and on the internet." SAC ¶ 39 (quotation marks omitted). These facts do not indicate that Tegola Canadese made any misrepresentations to Soares.

4

The lack of factual allegations regarding Tegola Canadese's conduct fails to comply with Rule 9(b). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citations and quotation marks omitted).

In his opposition, Soares argues, "Tegola attempts to hide its responsibility behind their allegation that they did not have any direct conversation and representation with Plaintiff . . . However, Tegola placed that responsibility on their U.S. representative, who did make the representation on behalf of Tegola as pled." Soares Decl. in Support of Opp. to Motion to Dismiss, Dkt. No. 201, ¶ 3. The SAC is devoid of any reference to a "U.S. representative." The only contact between Soares and Tegola Canadese alleged in the SAC is a January 10, 2012, email from Oliver Henning, who is identified as "an executive officer at Tegola corporate offices in Venice, Italy." SAC ¶ 45. The email states "that the Prestige product had been having many defect claims worldwide and that Tegola had developed a 'patch' product, but that the effectiveness and longevity of the patch had not been tested." *Id*. To the extent that Soares asserts that this statement was a misrepresentation, he must also allege that it was false, which he has not done. *Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1079-80 (N.D. Cal. 2009) ("in addition to the time, place and content of an alleged misrepresentation, a complaint must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading.") (citation and quotation marks omitted).

The SAC also fails to allege facts of Tegola Canadese's intent to defraud. As Rule 9(b) indicates, knowledge and intent may be alleged generally. FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). "Nonetheless, this does not relieve a plaintiff of the obligation to set forth facts from which an inference of scienter could be drawn." *Cooper v. Pickett*, 137 F.3d 616, 628 (9th Cir. 1997) (quotation marks and citation omitted). Intent need not be established by direct evidence, but may be inferred from

the defendant's statements and conduct. *United States v. Beecroft*, 608 F.2d 753, 757 (9th Cir. 1979). *See also Grewal v. Choudhury*, No. 07-04218 CRB, 2008 WL 2276309 at *3 (N.D. Cal. May 30, 2008) ("Because a plaintiff rarely has direct evidence of a defendant's fraudulent intent, the element may be proved by circumstantial evidence and may be established by inference from the circumstances and acts of the parties.").

The SAC alleges that Tegola Canadese did not perform on its product warranty and "did not have any intention of performing on the warranties given to plaintiff at the time they issued the warranty on [the shingles]." SAC ¶¶ 104-105. The fact that Tegola Canadese did not perform under its warranty alone is insufficient to allege intent to defraud. "[T]he mere fact that a party breaches a promise to perform a condition of contract is as a matter of law insufficient to give rise to an inference that the breaching party acted with fraudulent intent at the time that the promise was made." *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, No. 05-0553 MHP, 2005 WL 1876106 at *6 (N.D. Cal. Aug. 8, 2005). *See also Fanucchi v. United Agri Products*, 414 F.3d 1075, 1088 (9th Cir. 2005) ("Something more than nonperformance is required to prove the defendant's intent not to perform his promise.") (citation omitted). The SAC also alleges that Tegola Canadese "refused to perform on its product warranty" but does not provide any factual allegations regarding the alleged refusal. SAC ¶ 104. Even when viewed in the light most favorable to plaintiff, such a conclusory statement falls far short of what is required to allege that Tegola Canadese acted with fraudulent intent.

Finally, the SAC fails to plead justifiable reliance. Soares' opposition admits that he could not have relied on any representations in Tegola Canadese's written warranty because he did not receive the warranty document until after the roof was installed, but it asserts that he "relied on representations of warranty and the claims in their written and online advertising." Soares Decl. ¶¶ 2. *See also Id.* at 3 ("[i]n selecting the product manufactured by Defendant, I relied on their advertising on the internet, their brochure sent by their U.S. manufacturers [sic] representative to me and the many accolades for their product and their warranty that they represented through their agent as well as reliance on the roofing company, the architect, and the local supplier for Defendants product."). However, the SAC does not allege that Soares personally saw and/or

6

relied on any misleading advertisements or online statements. Soares cannot rely on new allegations in his opposition to remedy holes in his complaint. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Therefore, the SAC fails to plead reliance.

In current form, the SAC's fraud allegations do not satisfy the heightened pleading requirements of Rule 9(b), which requires that plaintiffs plead with particularity the circumstances constituting fraud, especially the time, place, and content of an alleged misrepresentation. *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Accordingly, the Third Cause of Action alleging fraud is dismissed with leave to amend.

**B. The Complaint Does Not Sufficiently State Causes of Action for Breach of Implied Warranty**

The SAC asserts causes of action against Tegola Canadese for breach of implied warranty "as required by statutes in the State of California and the Magnusson-Moss Warranty Act." SAC ¶ 88. The SAC does not specify which state laws the claims arise under. *See* SAC ¶¶ 88-95. Tegola Canadese's motion to dismiss presumes that the state law claims arise under California Commercial Code sections 2314 and 2315, and the Song-Beverly Consumer Warranty Act, CAL. CIV. CODE § 1790, *et seq*. ("Song-Beverly Act"). Mtn. at 6, 10-13. Soares does not clarify in his opposition which state laws his claims arise under and does not respond to Tegola Canadese's arguments regarding the California Commercial Code and the Song-Beverly Act. *See* Opp. 1-5.

Tegola Canadese is correct that the SAC fails to sufficiently plead claims under the California Commercial Code and the Song-Beverly Act. Under California Commercial Code section 2314, "a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant. A buyer and seller stand in privity if they are in adjoining links of the distribution chain." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). The SAC alleges that the shingles were purchased and resold three times before they reached Oceania: from Tegola Canadese to Modi Systems, Inc., then to All Roofing, Inc., and next to Salinas Valley Roofing. SAC ¶¶ 13-18. The Ninth Circuit has determined that "an end consumer

. . . is not in privity with a manufacturer." *Id.*[2] *See also Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1082 (N.D. Cal. 2011) (holding that plaintiffs were not in privity with manufacturer because they bought product only from retailers, and not directly from manufacturer itself). Therefore, the lack of vertical privity between Tegola Canadese and Soares or Oceania requires the dismissal of any implied warranty claims under the California Commercial Code.

Soares' warranty claims also fail under the Song-Beverly Act because Oceania, the purchaser of the shingles, does not have standing to sue under the act. The Song-Beverly Act protects "any buyer of consumer goods," and defines "buyer" as "any individual who buys consumer goods from a person engaged in the business of manufacturing, distributing, or selling such goods at retail.'" CAL. CIV. CODE ¶§ 1791(b), 1794(a). *See also Blair v. Mercedes-Benz of N. Am., Inc.*, 914 F.2d 261 (9th Cir. 1990) (holding that individual plaintiffs lacked standing to sue because purchase agreement for defective car indicated that plaintiffs' company had bought the car, and stating that the Song-Beverly Act makes "a careful distinction between, on the one hand, consumers and buyers to whom standing is granted because they are individuals, and, on the other hand, other types of persons such as corporations . . . which are not included in the statutory provisions granting standing to sue.") (citing CAL. CIV. CODE § 1794) (quotation marks omitted). The SAC asserts that Oceania, not Soares individually, contracted with Salinas Valley Roofing to purchase the shingles. SAC ¶ 13; Dkt. No. 131 ¶ (b). Therefore, this claim fails and is dismissed with prejudice.

In recognition of Soares' pro se status, the Court will grant leave to amend the implied breach of warranty claims and reallege them on another basis, if any remains. If Soares chooses to amend this cause of action, he is advised to allege the specific state laws that his breach of implied warranty claims arise under and specific facts that support each claim.[3]

---

[2] Some narrow exceptions to the rule exist, which is why this claim will not be dismissed with prejudice at this time. *See Clemens*, 534 F.3d 1017, 1023 (9th Cir. 2008).

[3] The Court's disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Warranty Act claims. The Magnusson-Moss Warranty Act provides a federal cause of action for state warranty claims. It does not expand the rights under those claims, and dismissal of the state law claims requires the same disposition with respect to an associated Magnusson-Moss Warranty Act claim. *Clemens*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("disposition of the state law warranty claims determines the disposition of the Magnusson–Moss

### C. The Warranty Claims are Not Barred by the California Commercial Code's Four-Year Statute of Limitations

Tegola Canadese argues that Soares' warranty claims are barred by the four-year statute of limitations period under California Commercial Code section 2725. Mtn. at 12-13. Section 2725 states that an action "must be commenced within four years after the cause of action has accrued." CAL. COMM. CODE § 2725(1). Under the statute, "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id*. § 2725(2).

Tegola Canadese's argument is not well taken. The shingles are covered by Tegola Canadese's twenty-year warranty, which is a warranty that "explicitly extends to future performance of the goods." *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 924-25 (C.D. Cal. 2010) (car manufacturer's four-year warranty extended to future performance and tolled the statute of limitations until plaintiff reasonably knew that his car would not perform as it should) (citing CAL. COMM. CODE § 2725(1), (2)). Soares discovered that the shingles were deteriorating in the fall of 2011. SAC ¶ 27. He filed this case less than one year later, on May 16, 2012. *See* Dkt. No. 1. Therefore, the four-year statute of limitations does not bar his warranty claims. *See, e.g., Pac. Gas & Elec. Co. v. Westinghouse Elec. Corp.*, 1 F. App'x 623, 624 (9th Cir. 2001) (holding that statute of limitations period did not bar warranty claims because plaintiff could not have discovered that the warranty was breached until product actually cracked); *Kaiser Cement & Gypsum Corp. v. Allis-Chalmers Mfg. Co.*, 35 Cal.App.3d 948, 111 Cal. Rptr. 210, 218-19 (Ct. App. 1973) (plaintiff could not have discovered insulation defect until motors failed).

### D. The Request to Convert the Motion to Dismiss into a Motion for Summary Judgment is Denied

In its reply brief, Tegola Canadese moves to exclude evidence presented by Soares in his opposition brief, or, in the alternative, seeks to convert the 12(b)(6) motion to a motion for

---

Act claims."); *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 833 (2006) ("the trial court correctly concluded that failure to state a warranty claim under state law necessarily constituted a failure to state a claim under Magnusson–Moss."). Therefore, any claims under the Magnusson-Moss Warranty Act are also dismissed with leave to amend.

summary judgment. Reply Br. at 2-3. Rule 12(b)(6) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R.Civ. P. 12(b)(6).

Tegola Canadese attaches numerous documents to its reply brief as evidence in support of summary judgment. Soares has not had an opportunity to oppose the summary judgment motion and respond to the evidence submitted by Tegola Canadese. It would be unfair to grant a motion for summary judgment under these circumstances. Accordingly, the Court excludes from consideration of the 12(b)(6) motion evidence submitted by Soares in his opposition brief and declines to convert the motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56.

## II.  THE MOTION FOR RECONSIDERATION IS DENIED

Soares asks the Court to reconsider its denial of his motion to compel. Dkt. No 202. Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a court order where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* FED. R. CIV. P. 60(b). Under Civil Local Rule 7-9, leave of court is required before a motion for reconsideration is allowed, and leave is granted upon a showing that:

> (1) [A] material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9.

10

1    There is no basis to reconsider the Court's prior Order.  Soares failed to comply with the
procedural and substantive requirements of Civil Local Rule 7-9(b).  He failed to request leave of
court to file the motion.  He did not base his reconsideration request on a "material difference in
fact or law."  Civ. L.R. 7-9.  While he claims that the Court failed to consider an emergency
motion which he filed for an extension of time to reply to defendant's opposition, his reply was
filed on January 13, 2014, and the Court considered it before issuing its order on January 15, 2014.
Dkt. Nos. 193, 197.  Most importantly, the motion to compel was meritless, as explained in the
Court's order.  Accordingly, the motion for reconsideration is denied.

## CONCLUSION

For the reasons above, the motion to dismiss is GRANTED with LEAVE TO AMEND on the Second and Third Causes of Action.  The motion is GRANTED with PREJUDICE to the extent the Second Cause of Action is based on violation of the Song-Beverly Act.  The motion for reconsideration is DENIED.  Plaintiff may file an amended complaint within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: February 25, 2014



WILLIAM H. ORRICK
United States District Judge

11