UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. SOARES,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY LORONO, et al.,<br><br>    Defendants. | Case No. 12-cv-05979-WHO<br><br>**CORRECTED ORDER CONSOLIDATING CASES AND DENYING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 244 |

The parties have brought to the Court's attention an adversary proceeding pending in the United States Bankruptcy Court for the Northern District of California which involves nearly identical parties and revolves around the same underlying facts as the instant case. *See Salinas Valley Roofing, Inc. v. Soares*, No. 09-05296-ASW (Bankr. N.D. Cal. Oct. 26. 2009). Although there is no formal motion to consolidate pending before the Court, the parties stipulated to consolidation during a telephonic conference held on October 7, 2014.

"[T]rial courts may consolidate cases sua sponte," *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987), and there are common questions of law and fact between this case and the adversary proceeding. *See* Fed. R. Civ. P. 42(a). Accordingly, this case and *Salinas Valley Roofing, Inc. v. Soares*, No. 09-05296-ASW (Bankr. N.D. Cal. Oct. 26. 2009) are now consolidated in this Court for all purposes, including trial. This case shall be the lead case, and all future papers shall be filed under this case's caption and case number. *See* N.D. Cal. Civ. L.R. 3-4(b). Pursuant to 28 U.S.C. § 157(d), it is further ordered that reference to the Bankruptcy Court of *Salinas Valley Roofing, Inc. v. Soares*, No. 09-05296-ASW (Bankr. N.D. Cal. Oct. 26. 2009) is withdrawn. The Bankruptcy Court is directed to transfer the adversary proceeding to this Court so that the actions may be consolidated.

1   Also before the Court is plaintiff Paul Soares's Ex Parte Motion to Dismiss for Lack of
2   Jurisdiction Without Hearing. Dkt. No. 244. That motion is DENIED because this Court does have
3   jurisdiction over Soares's claims. In the operative complaint in this case, Soares alleges a cause of
4   action under the Magnuson-Moss Warranty Act and seeks more than $50,000 in damages, *see* 15
5   U.S.C. § 2310(d)(3), meaning that his claims "aris[e] under the Constitution, laws, or treaties of the
6   United States" and federal question jurisdiction exists. *See* 28 U.S.C. § 1331.

**IT IS SO ORDERED**.

Dated: October 9, 2014



WILLIAM H. ORRICK
United States District Judge