1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    PAUL F. SOARES,
                                              Case No.  12-cv-05979-WHO
           Plaintiff,
8
           v.
9                                             **ORDER DENYING SOARES'S MOTION
                                              FOR JOINDER**
     JEFFREY LORONO, et al.,
10                                            Re: Dkt. Nos. 276, 297
           Defendants.
11

<div style="writing-mode: vertical-rl">United States District Court<br>Northern District of California</div>

12          Plaintiff Paul F. Soares moves for joinder of defense counsel, David Hollingsworth, as a

13   party in the adversary proceeding in this consolidated case.  Because Hollingsworth is not a

14   necessary party under Federal Rule of Civil Procedure 19, I DENY Soares's motion.  In addition, I

15   address the defendants' request for clarification regarding Soares's motion in limine filed on

16   November 5, 2014.

17          Plaintiff Paul F. Soares filed a motion for joinder of Hollingsworth pursuant to Federal

18   Rules of Civil Procedure 19 and 21, and to disqualify him as counsel in this matter.  Mot. Joinder

19   at 1 (Dkt. No. 276).  According to Soares, Hollingsworth is an interested party because he is owed

20   attorney's fees under the settlement agreement at issue in this action.  Soares contends that without

21   joinder "the SVR Defendants have no standing and this case must be dismissed as to those parties

22   claims and defenses."  *Id.* at 2.

23          Federal Rule of Civil Procedure 19 provides that a person must be joined as a party if:

24                 (A) in that person's absence, the court cannot accord complete relief
                   among existing parties; or
25                 (B) that person claims an interest relating to the subject of the action
                   and is so situated that disposing of the action in the person's absence
26                 may:
                           (i)  as a practical matter impair or impede the person's ability
27                 to protect the  interest; or
                           (ii) leave an existing party subject to a substantial risk of
28                 incurring   double,   multiple,   or   otherwise   inconsistent

obligations because of the interest.

FED. R. CIV. P. 19(a)(1).  A court may add or drop a party on its own or on motion.  FED R. CIV. P. 21.

Although Soares correctly identifies the legal standard for joinder, he does not establish how the standard is met in this case.  Mot. Joinder at 1-4.  Hollingsworth's interest in this action arises from the award of attorney's fees in the settlement agreement between SVR and Soares underlying this cause of action.  This Court may adequately address these issues and the propriety of attorney's fees without joining Hollingsworth as a party to the adversary proceeding.[1]  In resolving the claims of the current defendants, it is possible to "accord complete relief" to all parties without impairing any interest Hollingsworth has in attorney's fees.  *See* FED. R. CIV. P. 19(a)(1)(A)-(B).  Moreover, Soares's argument that the SVR defendants lack standing is incorrect, because defendants allege that Soares owes money to SVR under the settlement agreement.[2]  *See* Def.'s Pretrial Statement at 14 (Dkt No. 292).  Therefore I DENY Soares's motion for joinder.

In response to defendants' request for clarification, I will consider Soares's motion in limine filed on November 5, 2014.  *See* Dkt. No. 297 at 2.  Defendants may but are not required to file a response to this motion by November 19, 2014.

**IT IS SO ORDERED**.

Dated: November 17, 2014

WILLIAM H. ORRICK
United States District Judge

---

[1] Because I DENY Soares's motion for joinder, defendants should not file any response to that motion as it will be moot.  *See* Dkt. No. 297 at 2.
[2] The fact that funds owed may be attributable to attorney's fees does not divest SVR, as a party to the settlement agreement, of standing.

United States District Court
Northern District of California