UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. SOARES,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY LORONO, et al.,<br><br>  Defendants. | Case No. 12-cv-05979-WHO<br><br>**ORDER REGARDING MOTIONS IN LIMINE AND MISCELLANEOUS RELIEF**<br><br>Re: Dkt. Nos. 275, 284, 291, 304, 309, 310 |

  The parties filed a number of motions in limine and motions for miscellaneous relief, which I discussed at the pretrial conference on November 21, 2014. For clarity's sake, I repeat those rulings below.

  Plaintiff Paul F. Soares's motion for declaratory relief that defendants do not have standing is DENIED in light of this Court's order issued on November 17, 2014. *See* Dkt. No. 306.

  Soares's motion to strike portions of the defendants' pretrial statement is DENIED. I will determine the relevance of specific evidence at trial in light of defendants' broad-ranging fraud theories in the adversary proceeding.

  Defendants' motion to exclude Soares's roofing expert, Mr. Scudder, is DENIED. Dkt. No. 284. Soares is pro se. He produced Scudder's reports on his inspections. Defendants deposed Scudder at length. They had the opportunity to solicit the views of other experts on the matters discussed in Mr. Scudder's report. Under these circumstances, I find that any failure to comply with Federal Rule of Civil Procedure 26 is "harmless" and defendants will suffer no prejudice from my ruling. *See* FED. R. CIV. P. 37(c). Scudder may testify at trial but is limited to

the information provided in Soares's Rule 26 disclosures and in Scudder's deposition testimony.[1]

Prior testimony by the parties, including from the bankruptcy proceeding in this case, the Superior Court cases underlying the current claims, and prior bankruptcy cases involving Soares, is admissible.

The parties may submit witness declarations sworn under penalty of perjury (not on information and belief) as direct testimony for the trial. The witness must be available for cross-examination. This may be particularly helpful for Soares, who otherwise will have to conduct his own examination using a question and answer format. This can be quite stilted but is necessary so that appropriate objections can be considered. Soares may find it more effective to file a declaration as his direct testimony, but may proceed either way as he chooses.

By December 3, 2014, the parties shall lodge binders with the Court two copies of the prior testimony, declarations, and trial exhibits they intend to introduce at trial. Trial will commence at 8 a.m. on December 8, 2014 in Courtroom 12, 19th floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

**IT IS SO ORDERED**.

Dated: November 24, 2014

WILLIAM H. ORRICK
United States District Judge

---

[1] In light of this ruling, Soares proposed to submit the deposition transcript as Scudder's testimony in this case. Defendants have until November 24, 2014 to determine if they will insist on having Scudder present at trial on December 8, 2014. Defendants should file a notice demanding Scudder's presence on December 8, 2014 or a stipulation with Soares that Scudder's deposition transcript shall be used in lieu of his live testimony. Defendants will not waive any objections to the relevance of Scudder's testimony or the failure to designate it properly under the Federal Rules of Civil Procedure if they choose to stipulate to use of the deposition as Scudder's testimony.

2