1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   PAUL F. SOARES,                          Case No.  12-cv-05979-WHO
                 Plaintiff,

8
         v.
9                                            **ORDER RE: ATTORNEYS' FEES**

    JEFFREY LORONO, et al.,                  Re: Dkt. No. 342
10
                 Defendants.

11

12          This consolidated case consists of two proceedings.  First, Paul F. Soares brought a civil

13   proceeding in this Court against Jeffrey Lorono, Lisa Lorono, Salinas Valley Roofing

14   Incorporated ("SVR"), Adolfo Rangel, and Village Heating and Sheet Metal ("Village")

15   (collectively, "defendants") for breach of contract, breach of warranty, and fraud.  Memorandum

16   Opinion ("Opinion") at 1-2 (Dkt. No. 335).  Second, SVR and Village brought an adversary

17   complaint against Soares in bankruptcy court, seeking non-dischargeability of Soares's debt to

18   them.  *Id.*  I heard both matters in a bench trial on December 8, 2014, and issued judgment in favor

19   of the defendants in both the civil and adversary proceedings.  *Id.* at 2-3.

20          Pursuant to my opinion, SVR moves for attorneys' fees in the amount of $328,960.00 "for

21   fees incurred in Pre-Petition and Post-Petition claims and litigation."  Dkt. No. 342 at 1.  The

22   motion for attorneys' fees is currently scheduled for hearing on March 25, 2015.  I find this matter

23   appropriate for resolution without oral argument and VACATE the hearing.   CIV. L.R. 7-1(b).

24          That said, I am confused by the pending motion.  David Hollingsworth represented the

25   defendants in both proceedings.  Exhibit A to the attorneys' fees motion details Hollingsworth's

26   work in connection with his representation of SVR.  Dkt. No. 343-1.  However, it also reflects the

27   work done for the other defendants in this case, and does not differentiate between hours billed

28   done on behalf of the different clients.  Nor does it separate billings related to the civil proceeding

United States District Court
Northern District of California

United States District Court
Northern District of California

1    from those related to the bankruptcy proceeding.

2         Under the rules of bankruptcy, attorneys' fees are typically awarded where an underlying

3    contract has an attorneys' fees provision.  *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas &*

4    *Elec. Co.*, 549 U.S. 443, 443 (2007).  In this case, the only contracts at issue involved SVR and

5    Village.  The Settlement Agreement between Soares and SVR included an attorneys' fees

6    provision.  The contract with Village was oral and there is no evidence that the agreement

7    contemplated attorneys' fees.

8         SVR has indicated only that it is entitled to fees relating to its enforcement of the

9    Settlement Agreement in state court and in bankruptcy court.  It has not requested fees related to

10   the defense of the civil proceeding brought by Soares in this Court.

11        In order to obtain attorneys' fees, SVR must file billing records that reflect only the work

12   done on behalf of SVR, separate from the other defendants in this case.  It must do so within 7

13   days of this order.  In addition, the records must differentiate between work related to the

14   adversary proceeding and work related to the civil proceeding.  SVR's billings from the

15   bankruptcy proceeding should also indicate which fees accrued before the petition in the

16   bankruptcy court, and which fees accrued post-petition.

17        If SVR believes that it is entitled to attorneys' fees related to its defense of the civil

18   proceeding, or if any other defendants wish to request attorneys' fees, each must submit a

19   declaration of no more than 5 pages indicating the basis for such fees within 7 days of this order.

20   Each defendant should also submit separate billing records at the same time.

21        Defendants also seek exemplary damages, presumably related only to the bankruptcy

22   proceeding, but have not specified the legal basis for these damages.  Dkt. No. 342 at 2.  They

23   must submit a declaration describing the basis for exemplary damages within 7 days of this order.

24        **IT IS SO ORDERED**.

25   Dated: March 12, 2015



26   _____

27   WILLIAM H. ORRICK
     United States District Judge

28