UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. SOARES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY LORONO, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-05979-WHO<br><br>**ORDER DENYING MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL AND DENYING MOTION TO ALTER OR AMEND JUDGMENT OR FOR A NEW TRIAL**<br><br>Re: Dkt. No. 361, 364 |

After I entered judgment against plaintiff Paul F. Soares, he moves to stay execution of judgment pending appeal without posting a supersedeas bond as required by Federal Rule of Civil Procedure 62. He also moves for a new trial or in the alternative to alter or amend the judgment. I find that allowing Soares to stay the execution of judgment without a bond would be inequitable, and decline to exercise my discretion to waive the supersedeas requirement. In addition, Soares's arguments for a new trial or to alter or amend judgment are without merit. Both of Soares's motions are accordingly DENIED.

Both of Soares's motions are currently scheduled for hearing on March 25, 2015. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument and I VACATE the hearing.

**BACKGROUND**

The judgment in this case arose from a consolidated case consisting of a civil action and an adversary proceeding in bankruptcy court. Soares brought the civil proceeding in this Court against Jeffrey Lorono, Lisa Lorono, Salinas Valley Roofing Incorporated ("SVR"), Adolfo Rangel, and Village Heating and Sheet Metal ("Village") (collectively, "defendants") for breach of contract, breach of warranty, and fraud. Memorandum Opinion ("Opinion") at 1-2 (Dkt. No. 335).

SVR and Village brought the adversary proceeding against Soares, seeking non-dischargeability of Soares's debt to them due to fraud. *Id.*

After a one-day bench trial on December 8, 2014, I issued judgment in favor of the defendants in both the civil and adversary proceedings. *Id.* at 2-3. In the civil proceeding, I found that Soares failed to meet the burden of proof for his claims of breach of contract and breach of warranty because he did not prove damages or causation, and because he failed to present any evidence of fraud. *Id.* at 2. In the adversary proceeding, I found that Soares owed $5,697.00 to SVR and $14,517.36 to Village, and that both debts were non-dischargeable under 11 U.S.C. § 523(a)(6). *Id.* at 2-3.

After filing a notice of appeal of this Court's judgment, Soares moves to stay execution pending appeal without a supersedeas bond. *See* Mot. Stay (Dkt. No. 361); FED. R. CIV. P. 62(d). He also moves for a new trial, or in the alternative to amend or alter the judgment pursuant to Federal Rule of Civil Procedure 59. Mot. Amend (Dkt. No. 364).[1]

**LEGAL STANDARD**

**I. MOTION TO STAY EXECUTION OF JUDGMENT PURSUANT TO RULE 62**

Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal. FED. R. CIV. P. 62(d). Courts have held that although a party is entitled to a stay if he pays a supersedeas bond, "the court has discretion to allow other forms of judgment guarantee." *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985); *see also Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6872495, at *2 (N.D. Cal. Dec. 31, 2013).

Courts look to several factors in making a determination of whether to waive a supersedeas bond requirement. *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012). These include:

---

[1] The defendants object to the extension that I granted to Soares to file his motions for a new trial and for reconsideration, claiming that Federal Rule of Civil Procedure 6 prevents the Court from viewing Soares's motion as anything but a motion for relief under Rule 60. *See* Dkt. No. 366 at 2. Whether treated as a motion for a new trial, a motion to alter or amend judgment, or a motion for relief from judgment, Soares's motion is denied and the defendants' arguments are moot.

2

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* (internal citations and quotations omitted).

## II. MOTION FOR A NEW TRIAL OR TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59

Rule 59 sets forth grounds for granting a new trial or for altering or amending a judgment. A court may grant a new bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B). "[T]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal citations and quotations omitted).

A motion to alter or amend a judgment may be made pursuant to Rule 59(e). "A motion for reconsideration under Rule 59(e) should not be granted[] absent highly unusual circumstances . . . ." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal citations and quotations omitted); *see also John M. Floyd & Associates, Inc. v. TAPCO Credit Union*, 550 F. App'x 359, 361 (9th Cir. 2013). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based;* 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations and quotations omitted).

## DISCUSSION

## I. SOARES IS NOT ENTITLED TO A STAY OF JUDGMENT WITHOUT OBTAINING A SUPERSEDEAS BOND

Soares argues that this Court has discretion to stay execution of its judgment without posting a supersedeas bond. Mot. Stay 2-3. He claims that in determining whether to grant his motion, this Court should be guided by "general equitable principles." *Id.* at 4. Although Soares

cites to a number of cases that discuss the standards for a court's decision to grant a stay without supersedeas, I look to the principles followed by district courts within the Ninth Circuit, set forth in *Cotton*. *See* 860 F. Supp. 2d at 1028.

In this case, the collection process is likely to be complex, as Soares has repeatedly failed to pay his debts and is currently a debtor in bankruptcy. *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. 2:11-CV-3838-ODW, 2013 WL 361109, at *2 (C.D. Cal. Jan. 30, 2013) ("collecting from a party having financial hardships (whether now or later) is difficult, complex, and costly").

The second factor, the amount of time required to obtain a judgment after it is affirmed on appeal, also weighs in favor of the defendants. This case involves a debt that originated over six years ago. Requiring the defendants to wait several more years until Soares has exhausted the appeals process would further prejudice them.

Third, it is not clear that Soares has assets to pay the judgment. He is in the midst of lengthy bankruptcy proceedings and has not paid court judgments in the past. *See* Opinion at 5-18. Accordingly, Soares's ability to pay the judgment is not plain and the cost of a bond would not be a waste of money.

Finally, I consider whether Soares is in such a precarious financial situation as to allow waiver of the bond in order to protect other creditors in an insecure position. Soares emphasizes this element in his briefs, claiming that the defendants will not receive the judgment anyway as "it belongs to the United States" due to outstanding tax liens. Mot. Stay 5-7. He also points to "the risk of yet another bankruptcy," citing to *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, which discussed waiver of supersedeas bonds where "the requirement would put the defendant's other creditors in undue jeopardy." *Id.* at 3-5; 786 F.2d 794, 796 (7th Cir. 1986).

While it may be true that requiring Soares to post a supersedeas bond pending his appeal will endanger other creditors, I do not see how the danger to creditors will be substantially greater than it already is. Soares is already in bankruptcy and his debtors face an uphill battle in recovering their debts. This case is unlike *Olympia*, where a supersedeas bond may have pushed the debtor into bankruptcy. *See* 786 F.2d at 797-99. In addition, the judgment in *Olympia* involved large punitive damages, which the court found were indicative of "an age of titanic

damage judgments." *Id.* at 796. By contrast, the judgment in this case results from Soares's longtime failure to pay monies owed to the defendants. *See Inhale, Inc.*, 2013 WL 361109, at *2 ("The fact that Inhale 'does not have sufficient liquid assets' to cover the award of attorneys' fees and costs is precisely why it must post a supersedeas bond"). I am not persuaded by Soares's argument.

Allowing Soares to obtain a stay of judgment without obtaining a supersedeas bond would serve to condone Soares's persistent attempts to avoid his debts and his willingness to engage in protracted and borderline frivolous litigation to accomplish that end. I decline to exercise my discretion to waive Rule 62's requirements. If Soares wishes to obtain a stay of judgment pursuant to Rule 62, he must obtain a supersedeas bond.

## II. SOARES IS NOT ENTITLED TO A NEW TRIAL OR TO AN ALTERED OR AMENDED JUDGMENT

In making his motion under Rule 59(a) and (e), Soares does not present any argument that there is newly discovered evidence or an intervening change in the controlling law. Instead, he essentially moves for reconsideration, suggesting that I made manifest errors of fact and that manifest injustice will result if I do not grant his motion. Mot. Amend 2.[2]

Soares lists several alleged errors. First, he asserts that I erred in finding that the Loronos were credible witnesses, pointing to various judgments against them in support of this contention. Mot. Amend 2-6. I find no reason to alter my prior determination of credibility. Adverse judgments do not necessarily destroy a witness's credibility, and the Loronos' unrelated litigation had very limited relevance to this case. On the other hand, I concluded that Soares was not credible based on a remarkable history of evasion of debts, fraud, and other indicia of untrustworthiness, including his demeanor and testimony at trial, and not simply prior judgments against him that were relevant. *See* Opinion at 3-4. There was no evidence that the Loronos exhibited a similar lack of credibility.

---

[2] As part of the motion, Soares refers to several documents that are not in the record. Soares offers no justification for his post-trial submission, and it does not appear that any of the documents are newly discovered or otherwise justifiably considered by me at this late time. I will not consider any evidence cited by Soares that was not admitted at trial.

5

1   Next, Soares again contends that a finding of fraud is precluded by the doctrine of res
2   judicata. Mot. Amend 6-8. I have already rejected this argument because the doctrine does not
3   apply in this case, and I will not discuss it further; res judicata does not prevent me from finding
4   that Soares's debts are non-dischargeable under 11 U.S.C. § 523(a)(6).

5   Third, Soares argues that he did not breach the Settlement Agreement because SVR "also
6   breached the same agreement." Mot. Amend 8. SVR's alleged breach relates to its failure to
7   warrant both labor and materials. *Id.* Soares failed to prove that the Loronos' actions amounted to
8   a breach. And his argument that the Loronos committed fraud, *see* Mot. Amend 8-11, is
9   unsupported by the evidence: there was a genuine question whether the Settlement Agreement
10  included a warranty for labor and no evidence that the Loronos intended to deceive Soares. Soares
11  also ignores the fact that his breach of the Settlement Agreement preceded any purported breach of
12  warranty by the defendants. Opinion at 30. In accordance with basic principles of contract law, it
13  was Soares, not the defendants, who breached the Settlement Agreement.

14  At the same time, Soares claims that the Settlement Agreement is not binding upon him
15  because the contract was rescinded. *Id.* at 11. This claim is based upon the fact that there was no
16  meeting of the minds, and that the Settlement Agreement was not signed by all parties. *Id.* at 12-
17  14. This argument is frivolous. Soares admitted at trial that the Settlement Agreement was
18  binding upon him and that it was a valid agreement between the parties. *See* Tr. 9-10, 68-69 (Dkt.
19  No. 334).

20  Soares has not presented any persuasive reason for this Court to grant a new trial, or to
21  alter or amend its prior judgment. His motion is DENIED.

22  **CONCLUSION**

23  For the above reasons, I DENY Soares's motion to stay judgment without a supersedeas
24  bond, and DENY his motion for a new trial or to alter or amend the judgment.

25  **IT IS SO ORDERED**.

26  Dated: March 18, 2015



WILLIAM H. ORRICK
United States District Judge