UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL F. SOARES,

              Plaintiff,

    v.

JEFFREY LORONO, et al.,

              Defendants.

Case No.  12-cv-05979-WHO

**ORDER RE ATTORNEYS' FEES**

Re: Dkt. No. 342

Before me is the motion for attorney's fees by Salinas Valley Roofing Incorporated ("SVR") and Village Heating and Sheet Metal ("Village") following the judgment entered in their favor against Paul Soares on their adversary complaint in bankruptcy court that sought non-dischargeability of the debts that Soares owed to them under 11 U.S.C. § 523(6), and against Soares in his action for breach of contract and fraud.  The briefing and evidence submitted on this motion was, to put it charitably, a mess, as will be seen in the opinion below.  The bottom lines are: (i) the winning claim in the adversary proceeding sounds in tort, not contract, and I cannot award fees on it; (ii) Village had no fee agreement with Soares, so it is not entitled to an award of fees at all; (iii) SVR does have a fee agreement with Soares, so it can recover its fees arising in contract from the Settlement Agreement; (iv) SVR and Village are entitled to interest on the amounts owed under their contracts; and (v) I GRANT Soares's motion to deny costs because SVR's and Village's memorandum of costs was late and not substantiated, and after the Court requested substantiation they still failed to comply.[1]

## BACKGROUND

The judgment in this case arose from a consolidated trial of a civil action and an adversary

---

[1] Although SVR and Village also requested exemplary damages, they failed to provide a basis for these damages, even after the Court ordered them to submit a declaration stating the basis for such damages.  Therefore, the request for exemplary damages is DENIED.

proceeding in bankruptcy court on December 8, 2014.  Soares brought the civil proceeding in this Court against Jeffrey Lorono, Lisa Lorono, SVR, Adolfo Rangel, and Village (collectively, "defendants") for breach of contract, breach of warranty, and fraud.  Memorandum Opinion ("Opinion") at 1-2 (Dkt. No. 335).  SVR and Village brought the adversary proceeding against Soares, seeking non-dischargeability of Soares's debt to them due to fraud.  *Id.*

After a one-day bench trial, I issued judgment in favor of the defendants in both the civil and adversary proceedings.  *Id.* at 2-3.  In the civil proceeding, I found that Soares failed to meet the burden of proof for his claims of breach of contract and breach of warranty because he did not prove damages or causation, and failed to present any evidence of fraud.  *Id.* at 2.  In the adversary proceeding, I found that Soares owed $5,697.00 to SVR and $14,517.36 to Village, and that both debts were non-dischargeable under 11 U.S.C. § 523(a)(6).  *Id.* at 2-3.

The defendants filed a timely motion for attorneys' fees.  This motion included one extensive bill ("the main bill") that did not differentiate between hours billed for the different parties, pre- and post-petition proceedings, or the adversary and civil proceedings.  I ordered the defendants to submit a bill with more clarity.  Order (Dkt. No. 370).  In response, the defendants submitted the same main bill, along with several declarations purporting to apportion the fees accordingly and two additional invoices.  *See* Dkt No. 380.

**DISCUSSION**

**I.   ATTORNEYS' FEES[2]**

A party requesting fees bears the burden of establishing entitlement to the award and documenting the appropriate number of hours expended and hourly rates.  *Echague v. Metro. Life Ins. Co.*, No. 12-CV-00640-WHO, 2014 WL 4746115, at *2 (N.D. Cal. Sept. 24, 2014).  Courts apply the "lodestar" method of calculating attorneys' fees, by which they multiply the hourly rate

---

[2] Soares suggests that this Court is the improper court to determine attorneys' fees in this case, because I am unfamiliar with the underlying state court or bankruptcy court proceedings.  Dkt. No. 354 at 2.  This argument is unpersuasive.  The only case that Soares cites to in support, *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095, 997 P.2d 511 (2000), *as modified* (June 2, 2000), does not stand for this proposition.  It would make no sense to piecemeal the attorney's fees tried to me and two other courts to three judges.  I am able to evaluate the issues raised by these motions and the evidence in the record, just as I must do in every other case.

United States District Court
Northern District of California

United States District Court
Northern District of California

by the hours reasonably expended on the litigation.  *Id.*  Counsel for the defendants requests an hourly rate of $400.00, which I conclude is reasonable in light of the market rates and the fact that counsel has been practicing for over 50 years.  *See* Dkt. No. 343 at 3.

### A.  The 2008 Settlement Agreement

The basis for SVR's attorneys' fees in both the bankruptcy proceeding and the civil proceeding is the Settlement Agreement signed on September 15, 2008.  *See* Dkt. No. 380-8 at 5. The relevant provision of the Settlement Agreement states:  "[i]n the event any action is necessary to enforce any of the terms, covenants or conditions of this release, the prevailing party shall, in addition to any other recovery, recover his, her, its, or their reasonable attorneys' fees and costs." *Id.* at 4.   SVR is undoubtedly a "prevailing party" in the civil and adversary proceedings, as I ruled in its favor on all claims.  Village is not a party to the 2008 Settlement Agreement.

SVR also contends that attorneys' fees are merited under the underlying roofing contract between Soares and SVR, signed in 2006.  Dkt. No. 380-6 at 1.  It is wrong.  The adjudicated basis of Soares's debt to SVR is the Settlement Agreement.  Opinion at 26.  The Settlement Agreement clearly superseded the 2006 contract, stating that: "this release and settlement is intended to and does cover and include any and all claims, damages and losses and rights of action therefore. . . ." Dkt. No. 380-8 at 3.

### B.  The 523(a)(6) claim

Attorneys' fees may be awarded to creditors pursuing claims in bankruptcy court if they arise under "[a] contract allocating attorney's fees that is enforceable under substantive, nonbankruptcy law."  *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 443 (2007).  Courts look to applicable state law in determining whether a party is entitled to attorneys' fees.  *Id.* at 448; *see also In re Charalambous*, No. ADV 11-02796-RK, 2013 WL 3369299, at *4 (B.A.P. 9th Cir. July 3, 2013).

Although California generally follows the American Rule, in which each litigant must pay its own costs regardless of who prevails, it recognizes attorneys' fees provisions in contracts that allocate fees to a prevailing party.  *In re Vidov*, No. ADV 12-01017, 2014 WL 3766722, at *3 (B.A.P. 9th Cir. July 31, 2014).  California Code of Civil Procedure § 1021 allows parties to

1    contract for the recovery of attorneys' fees, while California Civil Code § 1717 entitles the

2    prevailing party in a breach of contract action to attorneys' fees.  CAL. CIV. PROC. CODE § 1021;

3    CAL. CIV. CODE § 1021; *In re Vidov*, 2014 WL 3766722, at *3.

4         That said, an action to declare a debt non-dischargeable under 11 U.S.C. § 523(6) is an

5    action sounding in tort, and is not considered an action sounding in contract.  *In re Vidov*, 2014

6    WL 3766722, at *4.   Accordingly, SVR is only entitled to attorneys' fees if the Settlement

7    Agreement attorneys' fees provision is broad enough to encompass actions in tort.[3]  *Id.* at *4-5.  It

8    is not.

9         Courts have consistently held that contractual provisions awarding attorneys' fees to a

10   prevailing party in actions "to enforce" a contract or "to enforce or interpret any part of this

11   agreement" do not extend to tort claims related to the contract.  *See In re Sharma*, No. ADV LA

12   11-01555 PC, 2013 WL 1987351, at *18 (B.A.P. 9th Cir. May 14, 2013) ("The plain language of

13   the provision [referring to actions 'to enforce or interpret any part of this agreement'] is not broad

14   enough to encompass a claim for fraud . . . Under California law, a tort claim does not 'enforce' a

15   contract or operate to declare a party's rights under a contract.") (internal citations and quotations

16   omitted); *see also In re Davison*, 289 B.R. 716, 724 (B.A.P. 9th Cir. 2003); *In re Vidov*, 2014 WL

17   3766722, at *4; *In re Barlaam*, No. 1:11-AP-01402-GM, 2013 WL 5490179, at *4-5 (Bankr. C.D.

18   Cal. Oct. 1, 2013) *appeal not considered,* No. ADV 11-01402-GM, 2014 WL 3398381 (B.A.P. 9th

19   Cir. July 11, 2014).  The language of the Settlement Agreement contains this language, and

20   precludes SVR from collecting fees related to actions other than those in contract.  Therefore,

21   SVR is not entitled to fees incurred in litigating the non-dischargeability of its debt under section

22   523(a)(6).[4]

23   _____

24   [3] SVR cites to *In re SNTL Corp.*, 571 F.3d 826, 843 (9th Cir. 2009) in support of its contention
     that it may collect post-petition attorneys' fees arising out of the Settlement Agreement.  Dkt. No.
25   344 at 4-5.  But this case did not involve an adversary proceeding seeking non-dischargeability.
     Thus, it did not address the fact that actions in tort are not covered by attorneys' fees provisions
26   that provide only for fees in actions sounding in contract.
     [4] Soares claims that he is entitled to fees relating to certain claims in the adversary proceeding
27   because he is a prevailing party.  *See* Dkt. No. 354 at 1-2.  This is incorrect.  The fact that the
     defendants agreed to drop some of their claims and/or theories of non-dischargeability does not
28   render Soares a prevailing party.  The judgment explicitly finds in favor of the defendants in both
     cases.  Soares did not receive any of the relief that he sought.  *See In re Brosio*, 505 B.R. 903, 910-

United States District Court
Northern District of California

**C. SVR is entitled to fees related to its defense of the civil proceeding and to prepetition fees**

**1. Fees related to the civil proceeding**

In contrast to the adversary proceeding, the attorneys' fees provision does cover fees incurred by SVR for litigating the breach of contract claim. *See In re Mullins*, No. 03-1238-JLP, 2005 WL 469606, at *6 n.8 (B.A.P. 9th Cir. Feb. 4, 2005) ("A prevailing party in an action to determine the dischargeability of a debt is not entitled to fees, unless the bankruptcy court adjudicates non-bankruptcy matters for which there is a contractual or statutory right to fees"). Soares's civil action is undoubtedly an action in contract, as he sought damages for breach of contract and fraud relating to the Settlement Agreement. *See Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 283 (9th Cir. 1992) (under California Civil Code § 1717, a party is entitled to attorneys' fees incurred defending fraud claims "to the extent the fees were incurred litigating issues common to the contract claims."). Soares's action was purportedly brought to enforce the terms of the Settlement Agreement, and SVR is a prevailing party. Therefore, SVR is entitled to attorneys' fees relating its defense of the civil proceeding.

Determining the amount owed to SVR has not been easy. SVR initially filed a motion for attorneys' fees that did not clearly indicate whether the hours billed were related to the bankruptcy case or the civil case. *See* Order at 1-2. After I ordered SVR to submit separate fee records, it argued that it is not feasible to separate the attorneys' fees for the adversary proceeding and the civil proceeding, citing the principle that "[t]rial courts are not required to allocate fees incurred in counsel's representation of multiple parties when the liability of the parties is so factually interrelated that it would have been impossible to separate the activities . . . into compensable and non-compensable time units." Dkt. No. 380 at 1-2 (internal citations and quotations omitted).

That principle does not apply to the separability of the civil and adversary cases. The civil case involved claims for breach of contract based upon shingles that peeled off of Soares's roof, and claims that SVR committed fraud. These claims are entirely distinct from SVR's claims in the

11 (B.A.P. 9th Cir. 2014). He also makes several arguments that SVR's claim is precluded by the rules of bankruptcy procedure because SVR failed to supply adequate supporting documentation. Dkt. No. 354 at 8-9. After conducting a trial on the issue of SVR's debt, I concluded that it had established that Soares owed $5,697.00. I need not further address Soares's untimely arguments.

United States District Court
Northern District of California

adversary proceeding that Soares's debts were not dischargeable because Soares inflicted a willful and malicious injury upon the defendants.  It is true that I found that Soares demonstrated his fraudulent intent in part by bringing the civil action against SVR based upon such speculative grounds, but this does not make it impossible to separate SVR's activities related to the civil proceeding from the adversary proceeding.  Similarly, the fact that the cases were consolidated does not render them impossibly intertwined.  I will award fees only for billings that related to SVR's defense of the civil proceeding.[5]

SVR submitted a bill for the civil proceeding between June 13, 2012 and August 30, 2013.  *See* Dkt. No. 380-9.  This amounted to $8,544.00.  *Id.*  I deem this to be a reasonable amount for the defense of the civil proceeding over the course of one year.

It is more difficult to calculate fees for the civil proceeding after August 30, 2013.  According to the declaration of David Hollingsworth, the main bill reflects work done for the adversary proceeding only until August 30, 2013, after which the bill listed work done for the adversary proceeding and the civil proceeding.  Dkt. No. 380-6 at 3-4.  Hollingsworth's bookkeeper, Marina Ramputi, stated in her declaration that the bill combined the adversary and civil proceedings on September 20, 2013.  Dkt. No. 380-2 at 2.  This inconsistency does not matter, however, because the hours listed in the main bill until October 2, 2014 refer only to work done in the adversary proceeding.  After reviewing the bill, it is clear that every billing listed between September 20, 2013 and September 30, 2014 relates to documents filed in the adversary proceeding, including the two days of trial before Judge Weissbrodt.[6]  *See* Dkt. No. 380-3 at 13-15.

After October 2, 2014, the hours billed related to the upcoming consolidated trial in this Court.  The pretrial statement, motions in limine, and other pretrial motions addressed issues in the civil case and in the adversary case.  Both sides devoted more resources to litigating the issues of

---

[5] I do, however, recognize the difficulty of separating counsel's defense of SVR and his defense of Village in the civil proceeding, as Soares's claims against both parties were very similar.  *Cruz v. Ayromloo*, 155 Cal. App. 4th 1270, 1277, 66 Cal. Rptr. 3d 725, 730 (2007).  I will not separate the civil attorneys' fees into those billed on behalf of SVR and those billed on behalf of Village.
[6] This is an example of how the billing was not impossibly interrelated if SVR had chosen to separate the entries.

United States District Court
Northern District of California

1    Soares's fraud that were central to the adversary case than to the civil case.  For example, the

2    extensive evidence relating to the transfers of Soares's home on Drake Avenue and to corporations

3    that Soares was involved with was relevant to the adversary proceeding only.  During the trial,

4    approximately two hours were devoted to litigating the civil case, while over six hours were

5    devoted to the adversary proceeding.  *See* Dkt. No. 319-1.

6         The billing between October 2, 2014 and December 8, 2014 amounts to $61,936.00 in

7    total.  I reduce this sum by one half to calculate the fees to which SVR is entitled in the civil

8    proceeding.  I do this after a careful review of the billing, recognizing that while more than half of

9    the work during this time frame focused on the adversary proceeding, the court appearances and

10   general trial preparation would have been necessary regardless if only the civil proceeding was

11   tried.  For these reasons, SVR is entitled to $8,544.00 in attorneys' fees for its defense of the civil

12   proceeding until August 30, 2013, and $30,968.00 in fees between August 30, 2013 and the date

13   of judgment, for a total of $39,512.00.

14        **2.  Prepetition fees**

15        Before Soares filed his bankruptcy petition, SVR incurred attorneys' fees related to

16   Soares's breach of the Settlement Agreement.  As with SVR's defense of the civil proceeding, its

17   prepetition attorneys' fees are merited under the attorneys' fees provision of the Settlement

18   Agreement.

19        Because the hours in the main bill are the most reliable and detailed record of SVR's

20   prepetition fees, I consider that bill in calculating prepetition fees.[7]  The hours in the main bill

21   until the day prior to Soares's filing for bankruptcy total $40,976.00.  However, the main bill

22

23   _____

24   [7] SVR makes inconsistent claims relating to its prepetition attorneys' fees.  In its claim in the
     bankruptcy court, SVR asserted that Soares's debt to it was $33,684.00.  Assuming this included
25   the debt arising from the Settlement Agreement of $5,697.00, this claim amounted to $27,987.00
     in fees.  However, SVR's documents that support its bankruptcy claim state that $41,410.00 is
26   owing, including the balance owed on the Settlement Agreement.  *See* Tr. Ex. 155 at 20.  When
     the purported amount owed under the Settlement Agreement is subtracted, the requested amount
27   of fees equals $35,260.00.  To further complicate matters, SVR requested $43,740.00 in
     prepetition fees in its initial motion for attorneys' fees.  Dkt. No. 344 at 3.  Presumably, this sum
28   also contained fees for Village, because SVR then claimed $40,976.00 in prepetition fees in its
     supplemental brief.  Dkt. No. 380-2 at 2.

United States District Court
Northern District of California

7

includes a number of hours preceding the date that the Settlement Agreement was signed.  I will not consider these hours, because the debt is due under the Settlement Agreement, and SVR has not presented any information why it is entitled to attorneys' fees incurred in attempting to enforce that agreement arose *before* it was signed.  Eliminating these hours, the main bill's prepetition fees add up to $29,756.00.  I find this to be a reasonable amount to account for SVR's attempts to collect upon its debt between September 15, 2008 and July 23, 2009 (the date of Soares's bankruptcy petition), and award this sum in prepetition attorneys' fees.

### D.  Village

Village had an oral contract with Soares.  There is no evidence that the parties agreed on an attorneys' fee provision in that agreement.  Accordingly, Village has no entitlement to any award for attorney's fees.

## II.  INTEREST

Although the Bankruptcy Code prohibits claims for post-petition interest on unsecured claims, *see* 11 U.S.C. § 502(b)(2), a party may obtain post-petition interest on a debt that has been declared non-dischargeable under section 523.  *In re Foross*, 242 B.R. 692, 693-94 (B.A.P. 9th Cir. 1999); *In re Stebbeds*, No. 388-02592-P7, 1989 WL 222469, at *2 (Bankr. D. Or. Aug. 25, 1989); *see also In re Smith*, No. ADV 10-90364-MM, 2012 WL 2341571, at *6 (Bankr. S.D. Cal. June 19, 2012) (post-petition interest shall be awarded at the state court judgment rate).  Because Soares's debts to SVR and Village are non-dischargeable, each party may obtain post-petition interest.

In a case involving non-dischargeability under section 523(a)(6), the Ninth Circuit has stated that "[t]he federal prejudgment interest rate applies to actions brought under federal statute, such as bankruptcy proceedings, unless the equities of the case require a different rate."  *Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862, 871 (9th Cir. 2001).  However, it has also found that state law dictates prejudgment interest "where a debt that is found to be nondischargeable arose under state law."  *In re Weinberg*, 410 B.R. 19, 37 (B.A.P. 9th Cir. 2009) *aff'd*, 407 F. App'x 176 (9th Cir. 2010); *In re Niles*, 106 F.3d 1456, 1463 (9th Cir. 1997); *see also In re Eberts*, No. CV 11-08827-MWF, 2013 WL 1248637, at *11 (C.D. Cal. Mar. 27, 2013) (applying federal interest

rate to non-dischargeable debt arising under federal law); *In re Roussos*, 251 B.R. 86, 94 (B.A.P. 9th Cir. 2000) *aff'd*, 33 F. App'x 365 (9th Cir. 2002) ("In the context of a § 523(a)(4) proceeding [for defalcation], it has been held that it is proper for the bankruptcy court to apply state law to calculate prejudgment interest into the amount of the nondischargeable debt.").

**A. Interest on SVR's debt**

SVR's debt arises under the Settlement Agreement that was finalized in state court. Thus, it arises under California law and I will apply the California interest rate to SVR's debt.

In the Memorandum Opinion, I determined that Soares owed SVR $5,697.00 under the Settlement Agreement. Opinion at 26. Although I did not specify the date that this sum was due, the Settlement Agreement was signed on September 15, 2008, and so I will calculate interest as of that date on the remaining balance. Despite the parties' negotiations for payment of the remaining funds under the Settlement Agreement, I consider the entire amount to be owing as of September 15, 2008, and will calculate the interest as of that date. *See* CAL. CIV. CODE § 3287; *In re AFI Holding, Inc.*, No. ADV. LA-03-02508-VZ, 2006 WL 6810954, at *7 (B.A.P. 9th Cir. Oct. 16, 2006) (interest shall be calculated as of the date that the debtor actually knew the amount owed or from reasonably available information could have computed that amount). I reject SVR's request that interest be due as of the date of the original contract on September 1, 2006, *see* Dkt. No. 342 at 1, because that contract was superseded by the Settlement Agreement, and Soares's debt is ultimately due under the Settlement Agreement.

Therefore, SVR is entitled to $5,697.00 plus simple interest at the California rate of ten percent per year between September 15, 2008 and January 12, 2015. *See Nickel v. Bank of Am. Nat. Trust & Sav. Ass'n*, 290 F.3d 1134, 1137 (9th Cir. 2002), *as amended on denial of reh'g* (June 19, 2002) ("Under Cal. Civ. Proc. Code 685.010(a), the legal rate on judgments is calculated with simple interest.").

**B. Interest on Village's debt**

Village's debt in the amount of $13,124.54 was due on October 4, 2007. *See* Tr. Ex. 208; Opinion at 13. Village's bankruptcy petition requested $14,517.36, which included interest. *See*

Opinion at 13. I declared the requested amount to be non-dischargeable.[8] Opinion at 32.

Because Village's bankruptcy petition already included interest, I will not award pre-petition interest.[9] Village's request for interest on the amount of $14,517.36 of ten percent per year is denied to the extent that it requests pre-petition interest as of August 1, 2007 on the amount requested in the bankruptcy petition. Dkt. No. 344 at 8. Although Soares objects to the interest added to his original debt to Village because there was insufficient supporting documentation, he admitted at trial that he owed that amount to Village. Opinion at 26. In addition, he has not presented any support for his contention that Village is not entitled to interest because there was no written contract that so provided. Dkt. No. 354 at 4.

When calculating post-petition interest, I note that Village's debt does not arise under a California state judgment. The parties entered into an oral contract, and although Village filed a complaint in state court, no disposition was ever reached because Soares filed for bankruptcy. Opinion at 14. Several district court cases suggest that where a non-dischargeable debt does not arise under a state court judgment, but instead is found to exist by the bankruptcy court, the federal and not the state interest rate applies. *See In re Eberts*, No. CV 11-08827-MWF, 2013 WL 1248637, at *11 (C.D. Cal. Mar. 27, 2013); *In re Baljian*, No. ADV 12-90166-CL, 2014 WL 1287127, at *13 (Bankr. S.D. Cal. Mar. 26, 2014). I therefore apply the federal interest rate to Village's debt between the date of petition and the date of judgment.

In calculating the applicable federal interest rate under 28 U.S.C. § 1961(b), courts have held that "the applicable prejudgment interest rate is the one in effect immediately *prior* to the date of the wrongful conduct which caused a plaintiff's loss." *United States v. Gordon*, 393 F.3d 1044,

---

[8] Although Soares claims that Village's judgment includes improper post-petition interest, Village's bankruptcy petition clearly requests an amount of $14,517.36. The interest added to Soares's debt to Village accrued over two years, when it was first due in October 2007 until the bankruptcy petition in October 2009. This reflects a rate of interest at much lower than ten percent. Cal. Civ. Proc. Code § 685.010.

[9] I note that there is a discrepancy in Village's bankruptcy claim for $14,517.36, which requests interest at the rate of ten percent per year as of July 27, 2007. However, Village failed to substantiate the date of July 27, 2007, and the only evidence before me is the invoice dated October 4, 2007, submitted as trial exhibit 208, which lists $13,124.54 as being due. At trial, Village admitted that the $14,517.36 included one year of interest. *See* Tr. 244:6-11. Because Village has failed to clarify the record or submit any basis for pre-petition interest that is supported by evidence, I award the amount of $14,517.36 as including prepetition interest.

United States District Court
Northern District of California

1058 n.12 (9th Cir. 2004); *Blanton v. Anzalone*, 760 F.2d 989, 993 (9th Cir. 1985); *see also*

*Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1391-92 (9th Cir. 1994) ("pre-

judgment interest is intended to cover the lost investment potential of funds to which the plaintiff

was entitled, from the time of entitlement to the date of judgment.  It is the Treasury bill rate

during this interim that is pertinent, not the Treasury bill rate at the time of judgment.").

In this case, the wrongful conduct occurred on October 4, 2007.  The applicable interest

rate for the time period immediately prior to this, for the week of September 28, 2007, was 4.05

percent.  *See* 28 U.S.C. § 1961.  Unlike the interest rate under California law, which is a simple

interest rate, section 1961(b) provides for compound interest.  *See In re Southland + Keystone*,

132 B.R. 632, 642 (B.A.P. 9th Cir. 1991).

Village is entitled to 4.05 percent compound interest on its debt of $14,517.36 between the

date of petition (July 23, 2009) and the date of judgment (January 12, 2015).

### III. COSTS

Soares moves to disallow the costs submitted by the defendants based upon their failure to

comply with Civil Local Rule 54-1(a).  Dkt. No. 348 at 1.

The defendants submitted a bill of costs one day late in violation of Civil Local Rule 54-

1(a).  *See* Dkt. No. 346.  This bill also did not comply with Rule 54-1(a) because it lacked

supporting itemization and documentation.  *See* Dkt. No. 347.  One week later, SVR submitted a

declaration requesting relief from its inadequate filing, yet still failed to provide the necessary

documentation.  *See* Dkt. No. 356.[10]

In light of the defendants' repeated failure to comply with the local rules, their late filing

without any request for an extension of time, and their lack of any excusable neglect, the

defendants' bill of costs is deemed waived.[11]  *See* Civ. L.R. 54-1(c) ("Any party who fails to file a

bill of costs within the time period provided by this rule will be deemed to have waived costs.");

---

[10] In addition, the bill of costs was flawed.  It requested $395.00 as a filing fee to answer Soares's civil complaint in the District of New Jersey, yet there is no fee to file an answer in that district. *See* Dkt. No. 356-1.  Although counsel may have had to pay fees to appear pro hac vice, the bill does not list any such fees.

[11] The defendants cite to their loss of a secretary and paralegal as excuses for their failure to abide by the local rules.  These foreseeable events are not a good excuse for failure to comply.

United States District Court
Northern District of California

1   *see also Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004).  Soares's motion to deny costs is

2   GRANTED.

3                                      **CONCLUSION**

4          Soares owes Village a non-dischargeable debt of $14,517.36, plus interest.

5          Soares owes SVR a non-dischargeable debt of $5,697.00, plus interest.  It also owes

6   $39,512.00 in fees related to the civil proceeding and $29,756.00in prepetition fees, for a total of

7   $69,268.00 in attorneys' fees.

8          The defendants' bill of costs is deemed waived, and they are not entitled to any costs.

9          **IT IS SO ORDERED**.

10  Dated:  April 16, 2015

11  

12  WILLIAM H. ORRICK
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California