UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL F. SOARES,

    Plaintiff,

    v.

JEFFREY LORONO, et al.,

    Defendants.

Case No. 12-cv-05979-WHO

**ORDER DENYING MOTION TO RECONSIDER**

Re: Dkt. No. 384

Plaintiff Paul F. Soares brings a motion to reconsider my Order Awarding Attorneys' Fees to defendant Salinas Valley Roofing ("SVR"). This matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for June 24, 2015 is VACATED. Instead of demonstrating any reason under Rule 60 that would justify relief, he re-hashes several arguments that have already been rejected by this Court on multiple occasions, and brings a few completely new, but meritless, arguments. Because Soares has not presented any "extraordinary circumstances" or other evidence that he should be relieved from the Order Awarding Attorneys' Fees, his motion is DENIED. Defendants are entitled to attorney's fees for the time it took to respond to Soares's frivolous motion.

**BACKGROUND**

I issued a judgment in favor of defendants in this action, which was a consolidated civil case and adversary bankruptcy proceeding, on January 12, 2015. *See* Dkt. No. 335. Soares moved to alter or amend the judgment pursuant to Rule 59(e), and I denied his motion on March 18, 2015. Dkt. No. 378. On April 16, 2015, I issued an award of attorneys' fees to SVR on the basis of an attorneys' fees provision in an underlying Settlement Agreement between SVR and Soares. Order (Dkt. No. 382). I found that the remaining defendants were not entitled to fees. I also denied defendants' bill of costs. *Id.* Soares now moves to alter or amend the Order Awarding Attorneys'

Fees. Dkt. No. 384.

## LEGAL STANDARD

A party may move for relief under Rule 60 based upon: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

Relief under Rule 60(b)(6)'s "catchall" provision is merited when the moving party "demonstrates extraordinary circumstances which prevented or rendered him unable to prosecute[his case]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (internal citations and quotations omitted).

## DISCUSSION

As an initial matter, I note that Soares's motion under Rule 59(e) is improper. Soares brought his motion within 28 days of my order awarding attorneys' fees. He previously brought a Rule 59 motion within 28 days of the judgment in the civil and bankruptcy cases, which I denied. *See* Dkt. No. 378. However, "[r]econsideration of a motion for attorneys' fees is not proper under Rule 59(e) because the motion does not seek to alter the final judgment." *Wahoo Int'l, Inc, v. Phix Doctor, Inc.*, No. 13CV1395-GPCBLM, 2015 WL 410347, at *1 (S.D. Cal. Jan. 29, 2015); *see also White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 445 (1982).[1]

Therefore, I address Soares's motion as a motion for reconsideration under Rule 60.[2] *See Miller v.*

---

[1] Soares's motion would not satisfy Rule 59(e) in any event. He has not pointed to any manifest errors of law or fact upon which the Order rests, there is no newly discovered or previously unavailable evidence, his motion is not necessary to prevent manifest injustice, and there was no intervening change in controlling law. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

[2] Because I deny the motion, I need not address Soares's apparent failure to comply with the civil local rules in moving for reconsideration. *See* Civ. L.R. 7-9.

2

*Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983).

Soares has not provided any basis for me to conclude that the judgment in this case is void or has been satisfied. He does not provide any basis to reconsider the attorneys' fees award based upon mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. Although he argues that there has been fraud, misrepresentation, or misconduct by the defendants, he has not provided any support for those assertions. Therefore, his basis for relief, if any, rests in Rule 60(b)(6), "any other reason that justifies relief." I address each of his arguments in turn.

Several of Soares's arguments were already addressed in the award of attorneys' fees, and Soares has not presented any evidence that my decision was incorrect. First, he objects to the fact that I did not separate the civil attorneys' fees for Village and SVR. Mot. 3-4. But in my prior order, I explained my reasoning, stating that I "recognize the difficulty of separating counsel's defense of SVR and his defense of Village in the civil proceeding, as Soares's claims against both parties were very similar." Although Soares claims that *Cruz v. Ayromloo*, 155 Cal. App. 4th 1270, 1277 (2007) is distinguishable, I disagree. In *Cruz*, the court excluded fees that were identifiably expended on the party that was not awarded attorneys' fees; here, it would have been extremely difficult, if not impossible, to separate the fees expended on each defendant since the defense was nearly identical for both each. Furthermore, I reduced counsel's requested fees by 50 percent to account for inefficiencies and the fact that "the court appearances and general trial preparation would have been necessary regardless if only the civil proceeding was tried." Order at 7. There is no justifiable reason to amend the attorneys' fees award on this basis.

Second, Soares requests that I further reduce the attorneys' fees award to account for the defense of the claims of fraud in the civil matter. Mot. 5. Once again, this is an argument that was addressed in the Order. *See* Order at 5 (citing *Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 283 (9th Cir. 1992) for the rule that "a party is entitled to attorneys' fees incurred defending fraud claims to the extent the fees were incurred litigating issues common to the contract claims.") (quotations omitted)). Soares has not presented any evidence that would satisfy Rule 60(b) to support a change in the Order.

Third, Soares requests that attorneys' fees in the adversary matter be discharged and not

3

1   subject to interest. Mot. 15. As I stated in the Order, the pre-petition attorneys' fees constitute a
2   debt that I determined to be non-dischargeable under Section 523(a)(6). Order at 3-4, 7-8. I also
3   held that "SVR is not entitled to fees incurred in litigating the non-dischargeability of its debt
4   under section 523(a)(6)." *Id.* at 4. Soares has not presented any evidence or argument that alters
5   my prior decision.

6   Fourth, Soares makes a few unfounded statements that counsel spent unnecessary amounts
7   of time in this litigation and was even dishonest. Mot. 9-10. I reiterate that in my Order, I
8   reduced counsel's fees for the civil proceeding by 50 percent to account for inefficiencies. Order
9   at 7. Soares has failed to demonstrate how my calculation is unreasonable.

10  The remainder of Soares's arguments are similarly unfounded. He argues that SVR is not
11  entitled to attorneys' fees and instead must pay Soares's costs, pointing to Federal Rule of Civil
12  Procedure 68(d). Soares claims that the judgment obtained by defendants is not more favorable
13  than his unaccepted offer of "100% payoff." Mot. 5. This argument is flawed because the offer of
14  judgment rule applies only if a judgment that is obtained *by a plaintiff* exceeds the offer. *United*
15  *States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996). Where, as here, the judgment
16  is obtained by the defendant, Rule 68 is inapplicable.

17  Soares also requests that this Court reduce the award by $10,000 to account for the
18  insurance payout that SVR received. I have rejected the same argument many times before, *see*
19  Order at 31; Dkt. No. 311, and any contention that this argument satisfies Rule 60 is nonsense.
20  Soares was not entitled to the insurance money, which was paid to SVR prior to the entry of the
21  Settlement Agreement that resolved the underlying claims. Similarly, Soares's argument that
22  attorneys' fees may not be recovered in an action against a lien release bond is misplaced, because
23  the award here was recovered under a contractual provision of the Settlement Agreement
24  providing for attorneys' fees. *See* Order 3.

25  Next, Soares raises a new argument that the defendants breached their fiduciary duties as
26  members of the creditors' committee in the Bankruptcy Court. Mot. 6-7. He suggests that I order
27  the Bankruptcy Court "to re-open the Chapter 11 case for the limited purpose of determining
28  whether or not Defendants violated their fiduciary responsibility . . ." *Id.* at 7. These arguments

4

were never raised before, do not relate to the award for attorneys' fees, and are not properly raised in a Rule 60 motion for relief of an award of attorneys' fees.

Finally, Soares argues that SVR dissolved and assigned all rights in a new corporation, SVR Inc. ("SVRI"), which is not a party to this proceeding. Mot. 13. Soares states that SVR dissolved one year after the adversary proceeding was filed. But the legal obligations of corporations do not dissolve when they do. *See Favila v. Katten Muchin Rosenman LLP*, 188 Cal. App. 4th 189, 212 (Cal. App. 2d Dist. 2010); CAL. CORP. CODE § 2010. In addition, SVRI did not move for joinder in this case. Therefore, the defendant party with standing in this action is SVR, not SVRI. Any sums received by SVR will accrue to SVR and be distributed according to the applicable corporate laws.

Defendants request attorneys' fees for the time spent reviewing and responding to Soares's motion. Dkt. No. 388 at 8. Their request is GRANTED. Soares had no basis to file this frivolous motion, attempting to relitigate matters already settled and to raise irrelevant and meritless other matters. *See Cadkin v. Bluestone*, 508 F. App'x 612 (9th Cir. 2013) (court did not abuse discretion in awarding attorneys' fees for frivolous Rule 60(b) motion); *The Sunrider Corp. v. Bountiful Biotech Corp.*, No. SACV 08-1339, 2010 WL 4590766, at *8 (C.D. Cal. Oct. 8, 2010) *report and recommendation adopted,* No. SACV 08-1339, 2010 WL 4589156 (C.D. Cal. Nov. 3, 2010).

## CONCLUSION

All of Soares's arguments fall far short of the "extraordinary circumstances" justification for granting relief under Rule 60(b). Because Soares has failed to establish any of the requirements of Rule 60, his motion is DENIED. I clarify that SVR is the legal entity in this case and that Soares's debt is owed to SVR.

Defendants are entitled to reasonable attorneys' fees incurred in defending this motion. Defendants' counsel should submit a declaration attaching his billing records, limited to his opposition to Soares's motion, by June 26, 2015. I will take judicial notice of his billing rate from the prior motion for attorney's fees. Soares may file any opposition by July 3, 2015, and I will

5

issue a supplemental order thereafter.

**IT IS SO ORDERED**.

Dated: June 18, 2015

_____
WILLIAM H. ORRICK
United States District Judge